OPINION
Matthew Lee appeals from his conviction in the Oakwood Municipal Court of theft in violation of R.C. 2913.02(A)(1).
The complaint alleged that Lee "with purpose to deprive the owner of property, knowingly obtained control over the property without the consent of the owner" in violation of R.C.2913.02(A)(1). Lee moved to dismiss the charge against him alleging that the value of the property stolen was $3200 and since the offense was a felony the Oakwood Municipal Court did not have subject matter jurisdiction to try him.
In a hearing conducted upon the defendant's motion, the defendant submitted two Oakwood Police reports which indicated that eight University of Dayton students may have been involved in the theft of 117 street signs and the value of the recovered signs was $3403 exclusive of the cost of replacing them.
The State argued that it had considerable discretion in charging Lee with criminal conduct citing City of Maple Heights v.Spearman (July 2, 1998), Cuyahoga App. No. 72988, unreported.
In overruling the dismissal motion the trial court stated:
 It is clear that the City for its own considered reasons chose to and did charge the defendant with misdemeanor theft. This Court agrees with the analysis in Spearman, which concluded that: "this choice was properly left to its (the City's) discretion and is not subject to judicial review." Accordingly, defendant's Motion to Dismiss is overruled.
After his dismissal motion was overruled, the appellant entered a no contest plea to the complaint. The following occurred in open court:
 THE COURT: Since this is a no contest plea, I think we need to have the prosecution tell us some facts.
 MR. ADKINS: I released Detective Lance, Your Honor, because I thought the Court was well aware of the facts.
 THE COURT: I am somewhat well aware. Is it fair to say that your client was involved in — with other young men in going out I believe it was at nighttime and removing street signs from the city of Oakwood's telephone or street sign poles and removing them and taking them to their dorm room?
 MR. SLYMAN: Yes, that is correct. Your Honor, and we would so stipulate.
 THE COURT: So those are enough facts for me to make a finding of guilty. I guess the question now becomes not a whole lot of talk about as sentencing, but you could say whatever you like. (Tr. 5 and 6).,
Appellant has raised two assignments of error. In the first it contends the trial court erred in finding him guilty pursuant to his no contest plea because the State failed to produce facts sufficient to prove his guilt beyond a reasonable doubt. Secondly, he contends the trial court erred in overruling his dismissal motion.
R.C. § 2913.02, provides in pertinent part:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat.
 (B) Whoever violates this section is guilty of theft. Except as otherwise provided in this division, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. (Emphasis added).
The complaint filed in this case clearly stated the elements of theft, a misdemeanor in the first degree. We agree with the State that a theft charge is a misdemeanor unless the felony qualifying language of R.C. 2913.02(B)(2) thru (6) is alleged in the charging instrument. As such, the Oakwood Municipal Court had subject matter jurisdiction over this first degree misdemeanor offense as charged. The trial court properly overruled the dismissal motion.
The trial court appropriately found the defendant guilty of misdemeanor theft based on defense counsel's stipulation that his client and others removed city street signs and took them to their dorm rooms. Nothing in the stipulation indicated the defendant committed a felony offense.
The assignments of error are overruled. The judgment of the trial court is Affirmed.
. . . . . . . . . . .
FAIN, J, and YOUNG, J., concur.
Copies mailed to:
Robert N. Farquhar, Jeffrey D. Slyman, Hon. Robert Deddens.